**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MICHELLE TRANQUILLO<br>LOUIS TRANQUILLO,<br>*Plaintiffs*,<br><br>v.<br><br>GENERAL ELECTRIC CO.<br>METROPOLITAN LIFE INSURANCE<br>COMPANY, SPORTING GOODS<br>PROPERTY, INC., and UNION<br>CARBIDE CORPORATION,<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:25-CV-01339 (SVN)<br><br><br><br><br><br>November 16, 2026 |

**RULING ON MOTION TO DISMISS AND MOTION TO AMEND THE COMPLAINT**

Sarala V. Nagala, United States District Judge.

Plaintiffs Michelle and Louis Tranquillo brought this suit in Connecticut Superior Court, contending Michelle Tranquillo was environmentally exposed to asbestos particles and other harmful matter from products that were manufactured or sold by the Defendants—General Electric Co. ("GE"), Metropolitan Life Insurance Company ("Met Life"), Sporting Goods Property, Inc. ("Sporting Goods"), and Union Carbide Corporation ("Union Carbide").[1] In their currently operative complaint, Plaintiffs bring four state law claims against the remaining Defendants: (1) products liability under the Connecticut Products Liability Act ("CPLA"); (2) recklessness; (3) "environmental exposure"; and (4) loss of consortium, by Louis Tranquillo only. Compl., ECF No. 1-1 at 6–17. Plaintiffs now move to voluntarily dismiss the present action in favor of pursuing a similar action in Connecticut Superior Court, and move for leave to amend their complaint to modify their claims against existing Defendants and add a new Defendant, EIDP, Inc.

[1] Plaintiffs dismissed their claims against Union Carbide, but it remains in this action because its cross-claims and the cross-claims filed against it remain live. *See* Order Granting Mot. to Dismiss, ECF No. 76.

For the reasons explained below, the Court GRANTS the motion to dismiss and allows Plaintiffs to dismiss this case without prejudice. The Court also dismisses all Defendants' cross-claims as moot, given that Plaintiffs' complaint is being dismissed, and DENIES the motion to amend the complaint as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Complaint

In the operative complaint, Plaintiffs allege Defendants "conducted business in the state of Connecticut," and were involved in the "business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products." Compl., ECF No. 1-1 ¶¶ 3, 9. Michelle Tranquillo alleges that she was exposed to various asbestos-containing products "secondarily through her husband's employment and environmentally," *id.* ¶ 5, and that through this exposure, she "was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles" from Defendants' asbestos products. *Id.* ¶ 6. As a result, Plaintiffs allege Michelle Tranquillo contracted "mesothelioma and other asbestos-related pathologies." *Id.* ¶ 5.

### B. Procedural History

The case was removed to federal court by GE on August 20, 2025, and various Defendants answered the complaint. Not. of Removal, ECF 1-4; Defs.' Answers, ECF Nos. 17 (GE), 18 (Sporting Goods Property, Inc.), 47 (Union Carbide); 33 (Met Life). Plaintiffs unsuccessfully attempted to remand the case to Connecticut Superior Court. *See Tranquillo v. General Elec. Co.*, No. 25-CV-1339 (SVN), 2026 WL 622609 (D. Conn. Mar. 5, 2026) ("*Tranquillo I*"). In *Tranquillo I*, the Court concluded that Plaintiffs improperly joined Met Life in an effort to defeat

the rule of unanimity. *Id.* at *5–10.[2] On April 9, 2026, a little more than a month after the Court denied their motion to remand, Plaintiffs moved to dismiss this federal action without prejudice, explaining that they wish to pursue their claims in state court. Mot. to Dismiss, ECF No. 61 at 1. Concurrently with filing the motion to dismiss this action, Plaintiffs initiated a similar suit against the same Defendants in Connecticut Superior Court. *Tranquillo v. General Electric* Co. et al, HHD-CV26-6233657-S (Conn. Supp.).

GE has opposed the motion to dismiss, desiring to keep the case in federal court. Opp. to Mot. to Dismiss, ECF No. 64. And while the motion to dismiss was pending, Plaintiffs moved to amend the complaint if the action stays in federal court, seeking to add a new Defendant, EIDP, Inc., and to alter certain counts. Mot. for Leave to Amend, ECF No. 80 at 2. GE narrowly opposes the motion to amend, contesting the proposed product liability claim being brought against it. Resp. to Mot. to Amend., ECF Bo. 81 at 5. Non-party EIDP, Inc. filed a motion opposing the amended complaint. Obj. to Mot. to Amend., ECF No. 82.

## II. MOTION TO DISMISS

### A. Legal Standard

Plaintiffs have requested this case be dismissed without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Rule 41 provides that a plaintiff may dismiss an action without a court order by either filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). If the opposing party has answered (or moved for summary judgment) and

[2] As this Court previously noted, when there no allegations of fraud the application of the doctrine of fraudulent joinder is properly referred to as "improper joinder." *Tranquillo I*, 2026 WL 622609, at *5 n.5 (citing *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 426 n.1 (2026).

all parties do not stipulate to dismissal, the action may be dismissed at the plaintiff's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); 9 Fed. Prac. & Proc. Civ. § 2364 (4th ed.) ("If an answer or a summary judgment motion has been served, the plaintiff no longer has the right to dismiss.").

Plaintiffs generally have considerable latitude in controlling their complaint. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("The plaintiff is 'the master of the complaint,' and therefore controls much about her suit.") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–399 (1987)). A plaintiff can, for example, amend a complaint to remove federal claims, divesting federal courts of jurisdiction. *Id.* at 25–26. But this latitude is not unlimited.

Of particular relevance here, "[v]oluntary dismissal without prejudice is . . . not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). In the Second Circuit, "[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). Under one line, dismissal without prejudice is improper if a defendant would suffer legal prejudice for reasons other than the mere prospect of a second case. *Id.* (citing *Cone v. W. Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). Under the other, a court must consider what have come to be known as the *Zagano* factors, which include: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Zagano*, 900 F.2d at 14. "These factors are not necessarily exhaustive and no one of them, singly or in combination with another is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

"The availability of a dismissal without prejudice lies within the discretion of the district court." *Soul Circus, Inc. v. Trevanna Ent., Inc.*, 249 F.R.D. 109, 110 (S.D.N.Y. 2008); 9 Fed. Prac. & Proc. Civ. § 2364 (4th ed.) ("The judicial precedents have made it perfectly clear that the grant or denial of a Rule 41(a)(2) dismissal motion, with or without prejudice, is a matter addressed to the trial court's sound discretion.").

B. Discussion

Only GE opposes the motion to dismiss, and it does not contend that it will suffer legal prejudice other than the mere existence of a second case, if the Court were to dismiss this action without prejudice. Thus, the Court applies the *Zagano* factors to determine whether dismissal is appropriate.

The first *Zagano* factor, Plaintiffs' diligence in bringing the motion to dismiss, favors Plaintiffs. "The relevant inquiry is 'whether a plaintiff moved to dismiss within a reasonable period of time after the occurrence of the event that led to plaintiff's decision not to pursue the action.'" *Laufer v. 7 Hills Hotel, LLC*, No. 8:22-CV-53 (BKS/ML), 2022 WL 16744309, at *3 (N.D.N.Y. Nov. 7, 2022) (quoting *Marquez v. Hoffman*, No. 18-CV-7315 (ALC), 2020 WL 729664, at *2 (S.D.N.Y. Feb. 13, 2020)). Diligence can also be assessed by the age of the suit itself: courts have often found in favor of dismissal when the Plaintiff moved to dismiss within a year of the action commencing. *Id.*

Here, the case was less than a year old when the motion to dismiss was filed, and Plaintiffs moved to dismiss quickly after Court's decision on the motion to remand. Plaintiffs commenced the suit in Connecticut Superior Court on July 9, 2025, and it was transferred to federal court on August 20, 2025. ECF No. 1-1 at 6; ECF No. 1. Plaintiffs moved to remand on September 9, 2025, and on April 9, 2026, less than a month after that motion was denied, they filed the motion to dismiss. Mot. to Remand, ECF No. 28; *Tranquillo I*, 2026 WL 622609; ECF No. 61. This is

not a circumstance where the case is close to trial. *Cf. Zagano*, 900 F.2d at 14 (affirming district court's denial of motion to dismiss without prejudice where the action had been pending for more than four years, "extensive" discovery had taken place, and trial was merely ten days away). Thus, the first *Zagano* factor favors dismissal.

The second *Zagano* factor—whether there has been any undue vexatiousness by the plaintiff—weighs against granting Plaintiffs' motion. "Vexatiousness implies a degree of ill will or improper motive." *Richards v. Groton Bd. of Educ.*, No. 3:14-CV-00709 (VLB), 2015 WL 4999803, at *3 (D. Conn. Aug. 21, 2015) (quoting *Steward v. Womack Material Handling Sys., Inc.*, No. CV 06-1648, 2009 WL 4891808, at *4 (E.D.N.Y. Dec. 11, 2009)). Here, there is reason to believe that Plaintiffs have been unduly vexatious, but the Court does not believe the weight of this factor alone is enough to deny the motion to dismiss.

As this Court explained in its ruling in *Tranquillo I*, Plaintiffs improperly joined Met Life to their original complaint. They had no non-frivolous claims against Met Life, and they sought to use its lack of consent to removal to federal court in order to get this action remanded back to state court. *Tranquillo I*, 2026 WL 622609, at *3. As GE points out in its opposition to the motion to dismiss, shortly after this Court ruled against Plaintiffs on their remand motion, they filed the motion to dismiss and began a new case in state court. ECF No. 64 at 14; *Tranquillo v. General Electric Co. et al*, HHD-CV26-6233657-S (Conn. Supp.). GE reasonably concludes that "[t]his was a calculated decision to abandon this forum after Plaintiffs' jurisdictional strategy failed, and to relitigate their claims under a newly crafted pleading in a different court." ECF No. 64 at 14. Courts have found that filing duplicative actions over the same injury can constitute an ill motive. *George v. Pro. Disbosables Int'l, Inc.*, No. 15-CV-3385 (RA), 2017 WL 1740395, at *3 (S.D.N.Y. May 2, 2017) (filing action in state court related to same injuries as those in the federal case was

part of a course of conduct that demonstrated undue vexatiousness); *Mondejar v. Dow Chem. Co.*, No. 97-CV-62 (JG), 1998 WL 812577, at *3 (E.D.N.Y. Apr. 29, 1998) ("[B]y filing more than one action regarding the same alleged injury, the plaintiff, through his attorneys, has behaved with 'undue vexatiousness.'"); *cf. Am. Fed. of State, Cnty., and Mun. Employees Dist. Council 37 Health & Security Plan v. Pfizer, Inc.*, No. 12-CV-2237 (JPO), 2013 WL 2391713, at *3 (S.D.N.Y. June 3, 2013) (noting that even if forum shopping were considered vexatious behavior, there was no vexatiousness where the plaintiff did not intend to "re-file *this* action elsewhere," as opposed to letting a preexisting lawsuit filed by a different plaintiff to proceed). Here, Plaintiffs' new state court complaint brings the same claims related to environmental asbestos exposure as this federal case, and includes the same parties that Plaintiffs are seeking to include in the amended complaint, were it to proceed in federal court. *See* Compl., *Tranquillo v. General Electric Co. et al*, HHD-CV26-6233657-S (Conn. Supp.). Thus, the state case is a duplicative action, and the Court finds that this *Zagano* factor weighs against Plaintiffs.

In opposing Plaintiffs' motion, GE urges the Court to follow *Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193, 1198 (S.D. Miss. 1989). ECF No. 64 at 12–13. There, a federal court denied the plaintiff's motion to remand based on improper joinder and then subsequently denied the plaintiff's motion to dismiss without prejudice, after she disclosed that she wished to restart the case in state court. While the circumstances in *Moore* are similar to those before this Court, the Court respectfully declines to follow its result. First, and most obviously, *Moore* is a non-binding district court opinion from outside the circuit. *See Hawkins v. Steingut*, 829 F.2d 317, 321 (2d Cir. 1987) ("[A] district court decision does not 'clearly establish' the law even of its own circuit, much less that of other circuits. Although district judges within a particular circuit will frequently find each other's decisions persuasive, they remain free to disagree."). Second, *Moore*

appears to be an idiosyncratic decision that has not been followed by other courts even within the Fifth Circuit; indeed, the Western District of Texas described it as "a case not binding upon the Court and which no other court has followed since its publication." *Matzoca v. Cooper Tire & Rubber Co.*, No. EP-11-CV-521-DB, 2012 WL 13033998, at *3 (W.D. Tex. June 19, 2012); *see also Hayes v. Illinois Cent. R. Co.*, No. 2:99CV95-B-B, 2000 WL 33907691, at *3 (N.D. Miss. Feb. 10, 2000) (recognizing that "[r]emoved actions have been dismissed without prejudice to allow the plaintiff to start anew in state court").[3] Finally, *Moore* primarily assessed whether the dismissal would prejudice the defendant, 717 F. Supp. at 1197, and did not apply any factors similar to the *Zagano* factors. *Moore* viewed improper joinder as so severe it justified prohibiting the plaintiff from refiling her case in state court; this Court, on the other hand, views improper joinder as suggesting vexatiousness—but ultimately understands Plaintiffs' litigation behavior as just one factor of many it must consider. Thus, the Court concludes that the second *Zagano* factor weighs against dismissal, but not dispositively.

The third *Zagano* factor—the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial—supports dismissal. "The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of primary importance," because it bears on the extent of prejudice to the defendant. *Devito v. JP Morgan*

---

[3] *Moore* also questionably relied on interpreting only the original state complaint, and discounting any amended pleadings filed in federal court. The court explained: "It is well-established in this circuit that the propriety of removal where fraudulent joinder is alleged is determined by reference to the pleading filed by the plaintiff in state court, and not on the basis of any amended pleadings which plaintiff might attempt to file in the federal forum. Thus, here, plaintiff would not be permitted to amend her complaint in an effort to state a claim against Mooney as a device for securing remand." *Moore*, 717 F. Supp. at 1198. But while a district court might deny a motion to amend pleadings, the Supreme Court has made clear that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Royal Canin U. S. A., Inc.*, 604 U.S. at 30. Thus, it is not clear that *Moore* was correct in assessing that the plaintiff there could not secure remand by amending her complaint in federal court.

*Chase Bank, Nat'l Ass'n*, No. 3:19-CV-945(AWT), 2020 WL 3105487, at *2 (D. Conn. Jan. 31, 2020) (quotation marks and citation omitted). In *Zagano*, for instance, the request for dismissal was made on "the very eve of trial." *Zagano*, 900 F.2d at 14. The situation is far different here. The complaint has been answered, initial disclosures have been exchanged, and a scheduling order entered, but trial is still a long way off. Discovery is not scheduled to be completed until May 20, 2027. Scheduling Order, ECF No. 63 at 1. No trial date has been set yet. These considerations all weigh towards allowing dismissal. *See Staten Island Terminal, LLC v. Elberg*, No. 11-CV-3262 RRM LB, 2012 WL 1887126, at *4 (E.D.N.Y. May 23, 2012) ("Further, no pre-trial conference has been held or trial date set. These circumstances favor dismissal without prejudice.").

So, too, does the fourth favor, the duplicative expense of relitigation, weigh in favor of dismissal. Here, "relitigation of this claim would not be duplicative since it has barely been litigated at all." *Catanzano v. Wing*, 277 F.3d 99, 110 (2d Cir. 2001). The only significant court activity that has occurred is resolution of the motion to remand. While GE contends that there is a risk that it would have to litigate the issue of remand again if the dismissal was granted and the new state court complaint provided a basis for removal, there is no serious prospect of that at this time. First, the nearly-identical state action is more than thirty days old, so any removal would likely be untimely. *See Enbridge Energy, LP v. Nessel ex rel. Mich*, 608 U.S. 67, __, 146 S. Ct. 1074, 1086 (2026) (noting that notice of removal must generally be filed within thirty days of the initial pleading and is not subject to equitable tolling). Neither GE nor any other Defendant has opted to remove the state case to date, so any risk of relitigating a motion to remand is speculative at this juncture.

GE, for its part, argues that it has already invested considerable effort in preparing its defense, including by engaging expert witnesses who have spent hours working on the case. ECF No. 64 at 17. GE also reviewed discovery provided by Plaintiffs, including Michelle Tranquillo's medical records. *Id.* But, as Plaintiffs observe, "[n]one of the work on the merits of the case is unique to federal court, and none of the work will be wasted, duplicated or repeated, nor will GE incur duplicative expenses." ECF No. 69 at 8–9; *Benitez v. Hitachi Metals Am., Ltd.*, No. 11-CV-6816 (NRB), 2012 WL 3249417, at *2 (S.D.N.Y. Aug. 6, 2012) (noting with there would be little duplicative expense if the case were re-filed in state court where the action was pending for less than a year and only minimal discovery had been undertaken); *Staten Island Terminal, LLC*, 2012 WL 1887126, at *4 (finding fourth *Zagano* factor favored dismissal when "[Plaintiff] will almost certainly be able to use what work has been completed in this action to defend any subsequent suit.").

And although GE claims it will be prejudiced because the rules pertaining to expert discovery differ between federal court and Connecticut state court, GE was not entitled to assume that the case would remain in federal court during the pendency of Plaintiffs' motion to remand or their motion to dismiss; only in the intervening month between the Court's denial of the motion to remand and Plaintiffs' motion to dismiss could GE have reasonably assumed the case would proceed in federal court and that federal discovery rules would therefore apply to their expert communications. To cure any potential prejudice resulting from GE's reliance on federal discovery law to engage in communications with its experts, Plaintiffs volunteer that the Court could condition dismissal on Plaintiffs not seeking discovery of any expert communications that would have been protected under federal law between March 5, 2026 (the date of the order denying remand) and the date of dismissal. Pls.' Reply Br., ECF No. 69 at 10. The Court finds that this

condition would cure any prejudice GE may have suffered related to its expert communications. In sum, because this action remains at a relatively nascent stage and is not close to trial, and because the prejudice GE identifies can be cured with conditions on the dismissal, the fourth *Zagano* factor favors Plaintiffs.

The fifth factor is the adequacy of the Plaintiff's reasons for dismissal. Such explanations may permissibly be strategic. *See Catanzano*, 277 F.3d at 110 ("Plaintiffs' explanation . . . that they wish to avoid preclusive effects of the district court's ruling on this claim, is adequate."). Plaintiffs have been transparent about their motive: they wish to pursue their claims in Connecticut Superior Court—ideally in Bridgeport—rather than federal court.[4] While the desire to litigate in another forum, if undertaken in order to have a different body of law apply, may be "questionable," *Am. Fed.*, 2013 WL 2391713, at *5, the straightforwardness of Plaintiffs' unchanged intentions to litigate in state court stand in contrast to *Zagano*, where the plaintiff had carried on a public campaign declaring her intention to litigate in federal court, and even raised funds to do so, before attempting to terminate her action suddenly on the eve of trial. *Zagano*, 900 F.2d at 15. And to the extent Plaintiffs here perceive some tactical advantage to litigating in state court, that is not a reason to deny a motion to dismiss. 9 Fed. Prac. & Proc. § 2364 (4th ed.) ("it is well established that it is not a bar to a Rule 41(a)(2) dismissal that the plaintiff may obtain some tactical advantage thereby").

In summary, while the Court believes Plaintiffs have acted with some undue vexatiousness by refiling identical claims in state court, the other four *Zagano* factors weigh in favor of granting Plaintiffs' motion to dismiss. *See generally Philadelphia Indem. Ins. Co. v. S. Bronx Overall Econ.*

---

[4] Recently, the new state court suit was transferred from Superior Court in Bridgeport to the Hartford Judicial District's complex civil litigation docket. *See Tranquillo v. Gen. Elec. Co.*, No. HHD-CV26-6233657-S, Dkt. #114.33 (transfer order dated October 16, 2026). Plaintiffs have moved for reconsideration of that decision, as they believe the proper venue for their case is Bridgeport. *Id.*, Dkt. #117.00.

*Dev. Corp.*, No. 1:23-CV-4101-GHW, 2025 WL 2636301, at *6 (S.D.N.Y. Sept. 12, 2025) (weighing various factors). Accordingly, the Court grants Plaintiffs' motion to dismiss this action without prejudice.

C. Cross-Claims

Defendants GE, Union Carbide, and Sporting Goods are cross-claimants in this action, each asserting claims for contribution and allocation of fault against the other Defendants in the event they are found liable for Plaintiffs' injuries. GE Ans. and Crossclaim, ECF No. 17 at 11; Union Carbide Ans. and Crossclaim, ECF No. 27 at 15; Sporting Goods Ans. and Crossclaim, ECF 37 at 8. As the Court has granted Plaintiffs' motion to dismiss, however, no Defendant will be liable to Plaintiffs in the instant suit, and the cross-claims are moot. Accordingly, these cross-claims are dismissed from the case without prejudice. *See Coutinho & Ferrostaal, Inc. v. M/V Spar Taurus*, No. 09-CV-9672 (BSJ) (THK), 2010 WL 3238938, at *3 (S.D.N.Y. Aug. 16, 2010) (dismissing indemnification cross-claims between the defendants as moot where the plaintiff's complaint was dismissed); *White v. City of New York*, No. 17-CV-2404 (JPO), 2019 WL 1428438, at *12 (S.D.N.Y. Mar. 29, 2019) (dismissing cross-claims between the defendants as moot where the plaintiff's complaint was dismissed in its entirety).

## III. MOTION TO AMEND

While their motion to dismiss was pending, Plaintiffs moved to amend the complaint, as a precaution in case their motion to dismiss was denied. ECF No. 78. Because the Court has granted the motion to dismiss, it need not consider the motion to amend the complaint, and thus denies it as moot.

## IV. CONCLUSION

For the reasons described herein, Plaintiffs' motion to dismiss without prejudice, ECF No. 61, is GRANTED. This dismissal is conditioned upon Plaintiffs not seeking discovery of any communications between GE and its experts that would have been protected from disclosure under federal law between March 5, 2026, and the date of this order. All cross-claims are also dismissed as moot. Plaintiffs' motion to amend the complaint, ECF No. 78, is DENIED as moot.

The Clerk is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 16th day of November 2026.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE